UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DONALD EUGENE SKIPPER,

 Petitioner,

v.              Case No. 4:16cv632/WS/CJK

FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY,

 Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition under *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976). (Doc. 11). Petitioner has not responded, although invited to do so. (Doc. 13). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of the issue raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the *Stone v. Powell* doctrine

bars petitioner's federal habeas claim and, accordingly, the petition should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On January 24, 2014, petitioner was arrested for possession of methamphetamine (with intent to sell/manufacture/deliver), possession of a firearm by a convicted felon, and other crimes, after law enforcement officers searched him and the camper he was occupying and found, among other things, methamphetamine and a firearm. (Doc. 11, Ex. D, pp. 1-6; Doc. 1, pp. 6, 6(a)-6(b)). On February 4, 2017, petitioner was charged in Washington County Circuit Court Case No. 14-CF-21, with trafficking in methamphetamine, felon in possession of a firearm, possession of a controlled substance (Clonazepam), and possession of drug manufacturing paraphernalia. (Doc. 11, Ex. D, pp. 9-11). Petitioner's possession of the controlled substances and firearm also formed the basis for charges that he violated his community control in Washington County Circuit Court Case Nos. 13-CF-177 and 12-CF-406, by failing to live and remain at liberty without violating the law.[1] (Doc. 11, Ex. A, pp. 39-45, 48-50; Doc. 1, pp. 1, 6(b)).

---

[1] In Case Nos. 13-CF-177 and 12-CF-406, petitioner was convicted, pursuant to his no contest plea, of possession of a controlled substance (methamphetamine), possession of drug paraphernalia, and sale of methamphetamine. (Doc. 11, Ex. A, pp. 29-30). Petitioner was sentenced on September 19, 2013, to 2 years on community control followed by 5 years on drug offender probation. (*Id*., pp. 29-36).

On September 5, 2014, petitioner filed a counseled motion to suppress the evidence seized from his person and camper. (Doc. 11, Ex. C, pp. 277-82 and Ex. D, pp. 71-76).[2] On October 16, 2014, the trial court held a hearing on the motion to suppress and immediately following, an evidentiary hearing on the VOCC charges. (Ex. B, pp. 13-85). At the conclusion of the hearing, the trial court took both matters under advisement. (Ex. B, p. 85). The court denied petitioner's motion to suppress in a written order filed on October 27, 2014. (Ex. C, pp. 284-85 and Ex. D, pp. 91-92).

On November 13, 2014, the court found petitioner guilty of the VOCC violations in Case Nos. 13-CF-177 and 12-CF-406 (Ex. A, pp. 85-97). The court adjudicated petitioner guilty, revoked his community control, and sentenced him to concurrent terms of 5 years in prison in each case. (*Id.*).

On September 17, 2015, petitioner pled no contest to possession of methamphetamine in Case No. 14-CF-21, a lesser included offense of the trafficking charge. The remaining counts were dismissed. (Ex. F (transcript of plea and sentencing); Ex. E, pp. 280-83 (judgment) and p. 285 (State's nolle prosequi)). Petitioner's plea agreement allowed him to appeal the denial of his motion to

---

[2] Hereafter, all references to exhibits are to those provided at Doc. 11. When a page of an exhibit has more than one page number, the court references the number appearing at the bottom left of the page.

suppress. (*See* Ex. F, p. 3). The court adjudicated petitioner guilty of possessing methamphetamine and sentenced him to 30 months in prison concurrent with his VOCC sentences. (*Id.*).

Petitioner appealed from both judgments and raised one issue in his consolidated, counseled amended appellate brief: "Whether the trial court erred in denying the motion to suppress because the search of the camper exceeded scope of search warrant." (Ex. G). The State answered. (Exs. H, I). On June 13, 2016, the Florida First District Court of Appeal affirmed both judgments per curiam and without a written opinion. *See Skipper v. State*, No. 1D14-5623, 192 So. 3d 48 (Fla. 1st DCA 2016) (Table) (copy at Ex. J) (appeal from judgment in Case Nos. 13-CF-177 and 12-CF-406); *Skipper v. State*, No. 1D15-4898, 192 So. 3d 48 (Fla. 1st DCA 2016) (Table) (copy at Ex. K) (appeal from judgment in Case No. 14-CF-21).

Petitioner filed his federal habeas petition on October 7, 2016. (Doc. 1). The petition raises one issue – that the search of petitioner's camper on January 24, 2014, violated the Fourth Amendment. (Doc. 1, pp. 6, 6(a)-(c)). Respondent asserts that *Stone v. Powell* bars federal habeas review of petitioner's Fourth Amendment claim and requires dismissal of this case. (Doc. 11).

DISCUSSION

Petitioner's sole claim is that his Fourth Amendment rights were violated when law enforcement officers searched and seized property in his trailer on January 24, 2014, pursuant to an invalid warrant. Petitioner alleges that the evidence obtained during this illegal search formed the basis for his conviction in Case No. 14-CF-21, and the revocation of his community control in Case Nos. 13-CF-177 and 12-CF-406.

As set forth above, petitioner raised this Fourth Amendment claim in his state court motion to suppress. (Doc. 1, p. 6(a); (Doc. 11, Ex. C, pp. 277-82 and Ex. D, pp. 71-76). A hearing was held, where testimony was taken and arguments heard. (Ex. B). The trial court denied petitioner's motion in a written order, making explicit findings on matters essential to the Fourth Amendment issue. (Ex. C, pp. 284-85 and Ex. D, pp. 91-92). Petitioner obtained review of the issue on direct appeal. (Doc. 11, Ex. G). The state appellate court affirmed. (Exs. J, K).

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494 (footnotes omitted). The *Stone* Court found that, in the habeas context, "the contribution of the exclusionary rule, if

any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." 428 U.S. at 494-95 (footnote omitted). "'For a claim to be fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court.'" *Mincey v. Head*, 206 F.3d 1106, 1126 (11th Cir. 2000) (*quoting Tukes v. Dugger*, 911 F.2d 508, 513-14 (11th Cir. 1990), *in turn quoting Morgan v. Estelle*, 588 F.2d 934, 941 (5th Cir. 1979)). Petitioner does not assert he was not given a full and fair hearing on the merits of his Fourth Amendment claim, nor can he. Because petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the Florida courts, the claim affords no basis for federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774, 197 L. Ed. 2d 1 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 11) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging the judgments of conviction and sentences in *State of Florida v. Donald Eugene Skipper*, Washington County Circuit Court Case Nos. 14-CF-21, 13-CF-177 and 12-CF-406, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 22nd day of September, 2017.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.